William A. Rossbach
ROSSBACH LAW, P.C.
401 North Washington St.
Missoula, MT 59807-8988
Phone:  (406) 543-5156
bill@rossbachlaw.com

David S. Muraskin
PUBLIC JUSTICE, P.C.
1620 L St. NW, Suite 630
Washington, DC 20036
Phone:  (202) 861-5245
dmuraskin@publicjustice.net

J. Dudley Butler
BUTLER FARM & RANCH LAW GROUP, PLLC
499-A Breakwater Dr.
Benton, MS 39039
Phone:  (662) 673-0091
jdb@farmandranchlaw.com
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| RANCHERS-CATTLEMEN ACTION LEGAL FUND, UNITED STOCKGROWERS OF AMERICA,<br><br>Plaintiff,<br>v.<br>SONNY PERDUE, IN HIS OFFICIAL CAPACITY AS SECRETARY OF AGRICULTURE, AND THE UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Defendants. | Case No.  CV-16-41-GF-BMM-JTJ<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO LIFT STAY AND SERVE SUPPLEMENTAL PLEADING** |

Plaintiff respectfully requests: (i) that this Court lift the stay entered during the pendency of Defendants' interlocutory appeal, Dkt. No. 52, and set a telephonic scheduling conference in mid-September, an unopposed motion; and (ii) that this Court allow Plaintiff to serve the attached Supplemental Pleading, Ex. A, a request Defendants oppose.

## I.   <u>Background.</u>

Plaintiff filed this "as-applied First Amendment suit" seeking to stop Defendants from allowing the private Montana Beef Council to take Montana beef producers' Beef Checkoff dollars to fund the council's private speech. Dkt. No. 1 ¶ 1.

The Beef Checkoff is a federal tax on beef producers that can only be used to pay for promotional activities (speech). 7 U.S.C. § 2901(b). Thus, it is unconstitutional for Defendants to allow that money to be used to fund private speech to which the payer objects; that is equivalent to compelling the payer to utter speech with which he disagrees. *United States v. United Foods, Inc.*, 533 U.S. 405 (2001).

Plaintiff's Complaint explained Defendants allowed the private Montana Beef Council to collect the Beef Checkoff tax in Montana and take half of that money for the council's speech, only turning the other half over to government-controlled entities. Dkt. No. 1. Given how the Montana Beef Council was formed,

is structured, and operates, Plaintiff alleged the council's speech must be considered private speech. Therefore, Plaintiff claimed the operation of the Beef Checkoff in Montana was unconstitutional. *Id.*

In light of Defendants' admissions in their motion to dismiss, Plaintiff cross-moved for summary judgment or, in the alternative, a preliminary injunction. Dkt. Nos. 21-23.

As part of their Opposition to Plaintiff's cross-motion, Defendants filed a declaration from Kenneth Payne, the official in charge of the checkoff program. Dkt. No. 40-1. That declaration explains the Government interprets the Beef Checkoff's statutes and regulations to allow state beef councils to operate as independent entities, free from meaningful government supervision. *Id.* For instance, Mr. Payne explained that: (1) the Government does not engage in any direct monitoring of the state beef councils, empowering an independent body to review the councils' activities; and (2) that independent body does not review or approve the councils' speech, merely conducting audits every four to five years to ensure the councils are not violating the law. *Id.* ¶ 19.

The Magistrate recommended Plaintiff's motion for a preliminary injunction be granted, Dkt. No. 44, a recommendation this Court affirmed, Dkt. No. 47. The Court explained, "The government cannot compel citizens to subsidize a private advertising program for the sole purpose of increasing demand for a product," such

as through the Beef Checkoff program. Dkt. No. 47, at 18. If the money is used by an entity engaged in "government speech," rather than "private speech," the program can go forward because "government speech" is exempt from the First Amendment. *See id.* at 11-12, 13. But an entity will only be found to engage in "government speech" if there is "'democratic[] accountab[ility]'" for the entity's speech. *Id.* at 11–12 (quoting *Johanns v. Livestock Marketing Ass'n*, 544 U.S. 550, 563 (2005)). Specifically with regard to the Beef Checkoff program, the Supreme Court stated the Beef Checkoff tax will only be held to pay for "government speech" if the speech is "'from beginning to end the message established by the Federal Government.'" Dkt. No. 44 (Magistrate Judge's Findings and Recommendations), at 10 (quoting *Johanns*, 544 U.S. at 560).

In light of the evidence submitted by Defendants, this Court concluded Plaintiff is likely to establish Defendants allow the Montana Beef Council to take Beef Checkoff money to fund that council's private speech, violating the First Amendment. Dkt. No. 47, at 15–16, 19. As a result, this Court entered a preliminary injunction preventing the Montana Beef Council from taking Beef Checkoff dollars to fund its speech, unless the payer first agrees its money can be used in this manner. *Id.* at 23. Unless the payer consents to the council keeping the money, the council must pass along all of the Beef Checkoff dollars it collects to

government-controlled entities to be used to fund their government speech. *Id* at 7, 11, 23.

Defendants took an interlocutory appeal of that decision. Dkt. No. 48.

Because of that appeal, the parties filed a joint stipulation to stay proceedings in this Court. Dkt. No. 51. That stipulation explained Plaintiff agreed to stay discovery and further proceeding based on Defendants' representation that the appeal "may have implications for potential litigation concerning the operation of the Beef Checkoff Program in other states that are similarly situated to Montana." *Id.* at 3.

The Ninth Circuit affirmed this Court's decision granting a preliminary injunction. *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. Perdue*, 718 Fed. App'x 541, 543 (9th Cir. 2018). The Ninth Circuit explained that all parties agreed the relevant question on appeal was whether the government possessed sufficient statutory or regulatory authority over the Montana Beef Council to turn its private activities into "government speech." *See id.* at 542. In the Supreme Court's and Ninth Circuit's "prior cases" such authority always included "appoint[ing]" and removing members of the council and "pre-approv[ing]" the speech of the council. *Id.* As a matter of law, Defendants do not possess this authority over the Montana Beef Council. *See id.*

The mandate for that decision issued on June 1, 2018. Dkt. No. 54.

**II.**    **This Court should lift the stay and schedule a status conference.**

In light of the Ninth Circuit's decision, the parties have met and conferred and agree a stay is no longer warranted. The appeal has been resolved and the case remanded. Therefore, the stay should be lifted so that the litigation can proceed.

The parties request that the Court set a telephonic scheduling conference for mid-September. *See* Fed. R. Civ. P. 16(a). The parties are currently discussing how best to resolve this matter, including whether any discovery is necessary. Given these ongoing discussions and the summer holidays, the parties believe a status conference in mid-September would allow them time to engage in the needed exchanges and then inform the Court of any proposal they formulate.

**III.**    **The Court should allow Plaintiff's Supplemental Pleading**.

The Court should also authorize Plaintiff to serve the attached Supplemental Pleading, Ex. A, which seeks to expand Plaintiff's requested declaratory and injunctive relief to stop Defendants from allowing 13 additional state beef councils—all of which are similarly situated to the Montana Beef Council—from using the Beef Checkoff tax to fund those councils' private speech in violation of the First Amendment. Defendants oppose this request.

Federal Rule of Civil Procedure 15(d) allows for Supplemental Pleadings to reflect developments since the litigation began. Fed. R. Civ. P. 15(d). "The goal of Rule 15(d) is judicial efficiency." *Alliance for Wild Rockies v. Kruger*, 15 F. Supp.

3d 1052, 1055 (D. Mont. 2014). "[S]upplementation is appropriate where the entire controversy can be settled in one action" rather than forcing the plaintiff to file separate cases raising related facts and issues. *Id.*

"In the Ninth Circuit, motions to amend under Rule 15(d) should be granted liberally and are appropriate so long as there exists 'some relationship ... between the newly alleged matters and the subject of the original action.'" *Ctr. for Biological Diversity v. Provencio*, No. CV 10-330 TUC AWT, 2014 WL 12771122, at *1 (D. Ariz. Jan. 14, 2014) (quoting *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988)). Put another way, courts within this circuit have explained they "should generally allow supplemental pleadings unless they will prejudice Defendants." *Armstrong v. Scribner*, No. CIV. 06CV852L(RBB), 2008 WL 268974, at *25 (S.D. Cal. Jan. 30, 2008).

This Court has previously allowed multiple supplements because they "represent[ed] a 'discrete and logical extension of the original claims in the case.'" *Defs. of Wildlife v. U.S. Army Corps of Engineers*, No. CV-15-14-GF-BMM, 2017 WL 1405732, at *6 (D. Mont. Apr. 19, 2017) (Morris, J.) (quoting *San Luis & Delta-Mendota Water Authority v. U.S. Dep't of Interior*, 236 F.R.D. 491, 501 (E.D. Cal. 2006)).

Plaintiff's Supplemental Pleading fits well within what Rule 15(d) allows. It seeks to expand Plaintiff's existing request for equitable relief to all similarly

situated state beef councils to the Montana Beef Council. For each of the 13 additional state beef councils named in Plaintiff's Supplemental Pleading, no statute or regulation authorizes any government official to appoint or remove any member of the council or participate in their selection. Moreover, no statute or regulation provides for any direct governmental supervision of the council's speech.

Indeed, in the parties' meet and confers prior to Plaintiff filing this motion, Plaintiff provided Defendants the list of councils named in the supplement and asked Defendants to identify any statute or regulation that provides government officials greater authority over these councils than it has over the Montana Beef Council. Ex. B, July 13, 2018 letter from David Muraskin to Michelle Bennett, at 3–4. Defendants could identify no such provisions, saying only that it is possible Indiana and North Carolina might have relevant state laws. *See* Ex. C, Aug. 7, 2018 letter from Michelle Bennett to David Muraskin. But, Defendants did not provide a citation to those statutes nor say what they believe those statutes accomplish, and Plaintiff has been unable to locate them.

Expanding Plaintiff's requested relief to stop beef producers in other states from being compelled to fund private speech, a claim that results from the exact same facts on which this Court held Plaintiff is likely to prevail in Montana, is

8

certainly a "discrete and logical extension" of the claim in this litigation. *Defs. of Wildlife*, N2017 WL 1405732, at \*6.

Indeed, Defendants' statements in this litigation mean that if Plaintiff cannot file this supplement Plaintiff will be compelled to file numerous other similar suits, wasting judicial time and resources. *See Alliance for Wild Rockies*, 15 F. Supp. 3d at 1055–56 (Rule 15(d) meant to encourage efficiency). When Plaintiff filed this case against the Montana Beef Council being allowed to take Beef Checkoff money Plaintiff had no way of knowing Defendants would rest on broad, generally applicable statements regarding their authority and contact with state beef councils (or lack thereof). *See* Dkt. No. 40-1 (Payne Declaration). Now, however, Defendants have made clear that to the extent they will argue private state beef councils are engaged in "government speech," they will rely on similar evidence for the Montana Beef Council and all of the state beef councils named in the supplement. *Id.* Thus, based on the present record, Plaintiff can proceed against the other named state beef councils being allowed to siphon off Beef Checkoff dollars for their private speech, so as to protect the rights of Plaintiff's members and other cattle producers.

True, after this suit was filed and the Magistrate recommended the preliminary injunction be entered, Defendants entered into a Memorandum of Understanding ("MOU") with the Montana Beef Council, purporting to assert

9

greater control over that council. However, not only does Plaintiff contend that MOU is legally ineffective and irrelevant, but after Plaintiff informed Defendants it would file this Supplemental Pleading, Defendants initiated efforts to enter into identical MOUs with the other state councils. Ex. B, July 13, 2018 letter from David Muraskin to Michelle Bennett, at 3–4.

Plaintiff is positioned to file suit against all of the councils named in the supplement. To the extent evidence beyond the statutes and regulations is required to resolve this matter, it will be similar for the Montana Beef Council and all of the other councils named in the Supplemental Pleading and will raise identical legal issues. Rule 15(d) makes clear there is no reason Plaintiff's claims against these councils should proceed separately, rather they can and should be combined into this case.

Defendants informed Plaintiff that they will oppose this motion based on "prejudice" and "delay," but were unwilling to articulate their arguments in more detail, nor could they. *See* Ex. B, July 13, 2018 letter from David Muraskin to Michelle Bennett, at 2. "Delay in and of itself is not sufficient reason to deny a motion to supplement the complaint." *San Luis & Delta-Mendota Water Auth.*, 236 F.R.D. at 499 (E.D. Cal. 2006) (internal brackets and ellipsis removed). Moreover, there is no prejudice here. Plaintiff is seeking forward looking relief that could be requested in other suits if it were not requested in this action. The only reason

Plaintiff did not seek this relief earlier is that, once Defendants' admissions in this matter became clear, Plaintiff immediately moved for summary judgment on its existing claim, and then Defendants appealed. Proceedings in this Court were stayed during the appeal precisely because the parties agreed the appeal could have implications for the constitutionality of other state beef councils' activities. Dkt. No. 51, at 3. Defendants' claim that they are now prejudiced by a delay they requested and Plaintiff seeking to expand its claims in the exact way the parties anticipated is illogical, at best.

Plaintiff respectfully requests it be allowed to file the attached Supplemental Pleading and serve it on Defendant, with Defendants' Answer being due the same time as their Answer to the original pleading, which remains outstanding.

## IV.   <u>Conclusion.</u>

Plaintiff requests this Court lift the stay and set a telephonic scheduling conference, an unopposed motion, and allow Plaintiff to serve the attached Supplemental Pleading, Ex. A, with the Answer due fourteen days from the date of the Court's order lifting the stay—the same date that has been established for Defendants' Answer to Plaintiff's original pleading. *See* Dkt. No. 52.

RESPECTFULLY SUBMITTED this 9th day of August, 2018.

PUBLIC JUSTICE, P.C.

By:   ____/s/ David S. Muraskin_____
David S. Muraskin

11

William A. Rossbach
ROSSBACH LAW, P.C.
401 North Washington St.
Missoula, MT 59807-8988

J. Dudley Butler
BUTLER FARM & RANCH LAW GROUP,
PLLC
499-A Breakwater Dr.
Benton, MS 39039

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(2)**

I HEREBY CERTIFY that this Brief consists of 2,259 words, excluding the caption and certificates. It is further represented that the word count referred to has been calculated in reliance upon the Microsoft Word system utilized to prepare this Brief.

By:   ____/s/ David S. Muraskin____